# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

CIVIL ACTION NO. 3:26-cv-208

| | |
|---|---|
| JHONTRELL JONES and<br>MARY ETTA JONES,<br><br><br><br>*Plaintiffs,*<br><br>v.<br><br><br><br><br>WILLIAM P. TURNER;<br>W.P. TURNER RENTALS;<br>CAROLINA PIEDMONT PROPERTIES,<br>LLC-1; CAROLINA PIEDMONT<br>PROPERTIES, LLC-2; CAROLINA<br>PIEDMONT PROPERTIES, LLC-3;<br>CAROLINA PIEDMONT PROPERTIES<br>LLC-4; CAROLINA PIEDMONT<br>PROPERTIES, LLC-5;<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **COMPLAINT and**<br>        **JURY REQUEST** |

COMES NOW, Plaintiffs Mary Etta Jones and Jhontrell Jones, by and through their undersigned counsel, and files this Complaint against Defendants William P. Turner, W.P. Turner Rentals, Carolina Piedmont Properties, LLC-1, Carolina Piedmont Properties, LLC-2, Carolina Piedmont Properties, LLC-3,

1

Carolina Piedmont Properties, LLC-4, and Carolina Piedmont Properties, LLC-5 (collectively hereafter "Defendants") and states as follows:

## I.     NATURE OF THE ACTION

1.     This is a civil action brought pursuant to the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, for monetary, declaratory, injunctive, and other relief arising from unlawful discrimination by Defendants against Plaintiff Mary Etta Jones and her daughter Plaintiff Jhontrell Jones, both persons with a disability. Defendants violated the FHA by refusing to make a reasonable accommodation to their rules, policies, practices, and/or services when such an accommodation was necessary to afford Plaintiffs an equal opportunity to use and enjoy their dwelling, by imposing discriminatory terms and conditions on housing, by denying housing or otherwise making housing unavailable, and by interfering with Plaintiffs exercise of their rights under the FHA. Plaintiffs also assert state law claims pursuant to the North Carolina Fair Housing Act ("NCFHA"), N.C. Gen. Stat. § 41A-1 *et seq.*, and for illegal unfair or deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*

## II.     JURISDICTION AND VENUE

2.     The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 3613, because this lawsuit is brought under the FHA, 42 U.S.C. § 3601 *et seq.* This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367

2

to hear and determine Plaintiffs' state law claims because these claims relate to Plaintiffs' federal law claims and arise out of a common nucleus of related facts, forming part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in the Western District of North Carolina under 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

### III.    PARTIES

4.    Plaintiff Mary Etta Jones is currently a resident of Richland County, South Carolina. She frequently visits her treating health care providers in Gaston County, North Carolina, and her daughter, Plaintiff Jhontrell Jones, who resides in Mecklenburg County, North Carolina. Plaintiff Mary Etta has consistently visited her health care providers and Jhontrell Jones since moving to South Carolina.

5.    From March 2020 until June of 2021, Mary Etta Jones resided at 113 North Edgemont, Apartment E, Gastonia, Gaston County, North Carolina, 28054, hereinafter "Subject Property."

6.    Plaintiff Jhontrell Jones is currently a resident of Mecklenburg County, North Carolina.

7.    The Subject Property is considered a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

8. Plaintiff Mary Etta Jones is an individual with a disability[1], as defined by 42 U.S.C. § 3602 and N.C. Gen. Stat. § 41A-3(3a), that qualifies her for the protections of the FHA and NCFHA. Ms. Mary Etta Jones has a history of having these disabilities.

9. Plaintiff Jhontrell Jones is an individual with a disability, as defined by 42 U.S.C. § 3602 and N.C. Gen. Stat. § 41A-3(3a), that qualifies her for the protections of the FHA and NCFHA. Ms. Jhontrell Jones has a history of having these disabilities.

10. At all times relevant herein, Plaintiffs are "aggrieved person[s]" pursuant to 42 U.S.C. § 3602(i).

11. At all times relevant to this Complaint, Defendant William P. Turner is a resident of Gaston County, North Carolina.

12. Plaintiff Mary Etta Jones leased the Subject Property from Defendants. The lease lists Defendant W.P. Turner Rentals as the "owner" and is signed by Defendant William P. Turner.

---

[1] The term "disability" and "disabled" are used throughout this complaint and are understood to have the same meaning as "handicap" and "handicapped" in the FHA, 42 U.S.C. § 3601 *et seq*. and the NCFHA, N.C. Gen. Stat. § 41A-1 *et seq*.

4

13. The Subject Property is owned by Defendant Carolina Piedmont Properties, LLC-1 and was conveyed to Defendant Carolina Piedmont Properties, LLC-1 from Defendant William P. Turner in January 2011 by the deed recorded at Book 4548, Page 1844 of the Gaston County Register of Deeds.

14. On information and belief, Defendant W.P. Turner Rentals is a business entity owned and operated by Defendant William P. Turner, which includes multiple registered corporations, all doing business as W.P. Turner Rentals. These corporations include Defendants Carolina Piedmont Properties, LLC-1, Carolina Piedmont Properties, LLC-2, Carolina Piedmont Properties, LLC-3, Carolina Piedmont Properties, LLC-4, and Carolina Piedmont Properties, LLC-5, (hereafter collectively, "Carolina Piedmont LLCs").

15. On information and belief, each of the Defendant Carolina Piedmont LLCs does business as Defendant W.P. Turner Rentals.

16. On information and belief, there is no separate entity named W.P. Turner Rentals registered with the North Carolina Secretary of State.

17. Defendant William P. Turner is the owner and sole manager of each of the Carolina Piedmont LLCs.

18. Each of the Defendant Carolina Piedmont LLCs owns real property in Gaston County, NC.

5

19. The Defendants Carolina Piedmont LLCs own over twenty residential properties in Gaston County, NC.

20. On information and belief, Defendant Carolina Piedmont LLC rents property in Gaston County, NC under the name W.P. Turner Rentals.

21. On information and belief, the sole business of Defendant Carolina Piedmont LLC is real estate rental, managed by Defendant William P. Turner, and conducted under the name Defendant W.P. Turner Rentals.

22. As further relevant as described below, Defendant William P. Turner was listed as the president of the W.P. Turner Plumbing Company, Inc., with the same address as Defendants Carolina Piedmont LLCs, a registered North Carolina corporation which has been administratively dissolved.

23. At all times relevant herein, Defendants, in the ordinary course of their respective business as a landlord of residential rental property, engaged in acts or practices affecting commerce with the meaning of N.C. Gen. Stat. § 75-1.1.

24. As further described below, each Defendant is directly, vicariously, jointly and severally liable for the misconduct of each Defendant, including for the injuries sustained by Plaintiffs Mary Etta and Jhontrell Jones.

6

## IV.   <u>PROCEDURAL HISTORY</u>

25.     Plaintiff Mary Etta Jones timely dually filed an administrative fair housing complaint against Defendants[2] with the United States Department of Housing and Urban Development ("HUD") and the North Carolina Human Relations Commission ("NCHRC") on or about April 28, 2021, nine (9) days[3] after the initial act of discrimination by Defendants which was well within one (1) year of the most recent alleged fair housing violation at the time.  Plaintiff Mary Etta Jones also alleged in her complaint that the fair housing violations involved her and her daughter, Plaintiff Jhontrell Jones, and that the violations were continuing.

26.     As this administrative complaint was dually filed with HUD and the NCHRC, it was deemed to allege violations of both the FHA, 42 U.S.C. § 3601 *et seq.*, as amended, and the NCFHA, N.C. Gen. Stat. § 41A-1 *et seq.*

---

[2] The named Respondents in this administrative complaint were W.P. Turner Rentals, William Turner, and Carolina Piedmont Properties, LLC-1. For reasons set forth in Paragraphs 11-19 of this Complaint, Plaintiffs construe the named Respondents in the administrative complaint to also cover the named Defendants in this Complaint filed with this Court.

[3] April 19, 2021.

27. The NCHRC initially completed its investigation of Plaintiff Mary Etta Jones's complaint, and on or about December 13, 2021, issued a determination that no reasonable grounds existed to believe that unlawful discriminatory housing practices had occurred.

28. Because the administrative complaint was considered dually filed, the Plaintiff Mary Etta Jones's administrative complaint was also still pending with HUD despite the NCHRC determination dated December 13, 2021. For this reason, HUD reviewed NCHRC's determination along with its investigation and based on this review, "strongly suggested and encouraged" that the NCHRC needed to reexamine its investigation of the Plaintiff Mary Etta Jones's complaint.

29. The NCHRC notified Plaintiffs[4] that it was following HUD's recommendation by way of letter dated April 26, 2022.

30. This complaint was later amended several times, all of which related back to the original filing. These amendments included, *inter alia*, adding W. P. Turner Rentals as a Respondent and also adding Plaintiff Jhontrell Jones as an "other aggrieved person" in October 2023 and then later as a complainant in the final amended complaint executed on June 19, 2024.

---

[4] The letter was addressed to Plaintiff Mary Etta Jones and her daughter, Plaintiff Jhontrell Jones, as power of attorney.

31. The NCHRC, after finishing its re-opened investigation, and on or about October 4, 2024, issued a determination that reasonable cause existed that unlawful discriminatory practices had occurred.

32. Following this determination by the NCHRC, the Plaintiffs attempted conciliation with Defendants but those efforts were not successful. The NCHRC sent a notice on or about January 21, 2025, which was received before January 27, 2025, advising that conciliation efforts had failed and of the enforcement options to move forward, including providing twenty (20) days from receipt of the notice to elect to have the NCHRC to file a suit on Plaintiffs' behalf.

33. On or about January 27, 2025, Plaintiffs timely requested that the NCHRC issue a right to sue letter instead.

34. In light of Plaintiffs' request, the NCHRC issued two (2) right to sue letters to Plaintiffs, both dated March 26, 2025. By way of these letters, the NCHRC informed Plaintiffs it had one (1) year from the date of the letter to file an action under the NCFHA in state superior court pursuant to N.C. Gen. Stat. § 41A-7(i)(1) and that they also retained the right to file a civil action in court within two (2) years of the last act of discrimination under the FHA pursuant to 42 U.S.C. § 3613. This letter also clarified that the time which their complaint was pending would not be counted towards the two-year statute of limitations to file in court. Copies of these letters are attached hereto as Exhibit A and are incorporated herein by reference.

9

## V.    FACTUAL ALLEGATIONS

35.    All preceding paragraphs are incorporated herein by reference.

### A. Plaintiffs Disabled Within Meaning of FHA and NCFHA

36.    Plaintiff Jhontrell Jones is a qualified person with a disability who suffers from suffers from physical impairments that substantially limit one or more activities of daily life, she has a history of these impairments and is regarded as disabled.

37.    Plaintiff Jhontrell Jones' disabilities include Multiple Sclerosis. This disability affects her balance and stability, her ability to walk, carry things, and other activities of daily life.

38.    To assist Plaintiff Jhontrell Jones with the activities of daily life, she was prescribed a dog as service animal, Colossus, who was trained through the American Red Cross to assist Plaintiff Jhontrell Jones with balance issues, retrieving her medication bag, and other necessary tasks.

39.    Colossus is registered as a service animal with the North Carolina Department of Health and Human Services, pursuant to N.C. General Statute §168-4.3.

40.    Plaintiff Mary Etta Jones is also a qualified person with a disability who suffers from cognitive and emotional impairments that substantially limit one or more activities of daily life, she has a history of these impairments and is regarded as disabled. These disabilities result, at least in part, from a stroke and brain aneurysm she suffered in 2016.

10

41. Plaintiff Mary Etta Jones' impairments substantially limit one or more of her daily activities including sleeping, dealing with stress, regulating her emotions, and performing self-care.

42. Plaintiff Mary Etta Jones disclosed her disability to Defendants through Andi, an employee and agent of Defendants who worked in their office and had assisted Mary Etta Jones with the lease and other paperwork.

## B. Subject Property

43. Plaintiff Mary Etta Jones leased the Subject Property, a home located at 113 North Edgemont Drive, Apartment E, Gastonia, Gaston County, North Carolina, for a one-year term beginning on March 1, 2020. The lease for the Subject Property was set to end on February 28, 2021. The monthly rent was set at $795.00 per month.

44. The Subject Property is a five-unit townhome style building. Defendant Mary Etta Jones rented the unit on the end, Apartment E.

## C. Lease and Offer of Renewal

45. The lease provides for an automatic renewal with a month-to-month term unless either party provides written notice to terminate at least 30 days prior to the end of the term.

46. No party gave written notice to terminate the lease prior to the end of the original lease term. Instead, Defendants and Plaintiff Mary Etta Jones negotiated for

a new one-year lease. Plaintiff Mary Etta Jones continued to pay, and Defendants continued to accept, monthly rent payments through April of 2021.

47. Defendants drafted and offered Plaintiff Mary Etta Jones a new lease, with a new one-year term of April 1, 2021, through March 31, 2022, with an increased rate of rent of $819.00 per month.

48. Plaintiff Mary Etta Jones signed the proffered lease agreement, and alerted Defendants that she had signed it. Defendant William P. Turner arranged to pick up the new lease.

49. On the evening of April 19, 2021, Plaintiff Jhontrell Jones, and her sister, Anissa Jones, were visiting their mother, Plaintiff Mary Etta Jones. Plaintiff Jhontrell Jones was accompanied by her service animal, Colossus. They were sitting at the kitchen table near the back door of the Subject Property.

50. Plaintiff Jhontrell Jones, and her sister, Anissa Jones, regularly visited their mother, Plaintiff Mary Etta Jones, and had dinner with her. Colossus had previously accompanied Plaintiff Jhontrell Jones on these visits.

51. On April 19, 2021, Defendant William P. Turner came to the back door of the Subject Property, to pick up the new executed lease. Colossus began to bark, and Defendant Jhontrell Jones took him upstairs.

12

## D. Retraction of Lease Renewal, Termination of Lease, and Efforts to Assert Fair Housing Rights

52. Upon hearing Colossus, Defendant William P. Turner exclaimed "you have a dog." Plaintiffs explained to Defendant William P. Turner that Colossus was a registered service animal belonging to Plaintiff Jhontrell Jones, who was merely visiting. Plaintiffs offered to show Defendant William P. Turner registration documents for Colossus. Defendant William P. Turner refused to look at the proffered documentation and stated that he would not renew the lease.

53. Despite Defendant William P. Turner's statement that he would not renew the lease because of the presence of the service animal, Plaintiffs repeatedly attempted to contact Defendants, through email and telephone, to request renewal of the lease.

54. That same evening, April 19, 2021, Plaintiffs emailed Defendant William P. Turner, requesting a reasonable accommodation to renew the lease and providing documentation of Colossus as a service animal.

55. Defendants responded on April 20, 2021 in a letter signed by Defendant William P. Turner on W.P. Turner Rentals letterhead, stating that Defendants were terminating the lease and requiring Plaintiff Mary Etta Jones to vacate by May 20, 2021. The notice to vacate did not state any reason for the termination of the lease.

13

56. The April 20, 2021 notice to vacate did not comply with the requirements of the lease, which required that the lease be terminated at the end of a lease term, which would have been the end of a month.

57. Following the April 20, 2021 lease termination notice, Plaintiff Mary Etta Jones repeatedly attempted to speak to Defendants by calling the office. She spoke with an agent and employee of Defendants but was never able to reach Defendant Turner. Ms. Jones asked the employee to talk to Mr. Turner, even offering that she would not allow the service animal back in her home, if only he would agree to renew her lease and not evict her. Mr. Turner refused to speak to her directly.

58. On May 3, 2021, Plaintiff Mary Etta Jones emailed Defendant Mr. Turner a completed "Eviction Protection Declaration" published by the CDC, in an attempt to avoid being displaced from her home. Mr. Turner responded, "YOU DO NOT HAVE A LEASE!"

59. Ms. Mary Etta Jones then began packing up and moving some of her items, incurring moving expenses, including paying for storage and paying for movers.

60. Plaintiff Mary Etta Jones could not afford to pay for these additional moving expenses related to the unlawful termination of her lease and also pay her rent for May 2021. She tried to negotiate with Defendants about using her security deposit for the month of May's rent, but she received no response.

14

61. On May 17, 2021, Defendants W.P. Turner Rentals and Carolina Piedmont Properties, LLC-1 filed a complaint for money owed against Plaintiff Mary Etta Jones in small claims court in Gaston County, North Carolina for alleged unpaid rent in the amount of $898.10. This complaint for money owed was served on Ms. Mary Etta Jones on or about May 21, 2021.

### E. Water Cut Off and Another Lease Termination Notice

62. On May 22, 2021, Plaintiff Mary Etta Jones observed Defendant William Turner outside of her home. Minutes later she noticed that she no longer had water and concluded that he had disconnected her water.

63. Plaintiff Mary Etta Jones immediately emailed Defendant William P. Turner, at his email address, "aplumber@bellsouth.net" stating "I noticed that you came just a few short moments ago to disconnect my water."

64. Defendants did not deny or respond to this email accusation.

65. On May 26, 2021, Defendants again sought to terminate Plaintiff Mary Etta Jones' lease, in a notice signed by counsel for Defendants. The notice provided no reason or basis for the termination other than the discretion not to renew allowed in the lease.

### F. Forced to Vacate Home and Money Judgment Issued as a Result of Unlawful Acts

66.    Plaintiff Mary Etta Jones vacated the home as required by the notice from counsel for Defendants. Her water remained off from on or about May 22, 2021 until Plaintiff Mary Etta Jones vacated her home on or about June 10, 2021. During this time period, Ms. Mary Etta Jones had to buy water to manually flush her toilet, to wash her clothes and dishes. Some of her pots she had to throw away because Plaintiff Mary Etta Jones could not get them properly cleaned due to the water being off.

67.    On July 2, 2021, the Defendants obtained a money judgment against Ms. Mary Etta Jones in the amount of $840.00 that was issued after a hearing by a magistrate judge in Gaston County, North Carolina in small claims court. Plaintiff Mary Etta Jones attempted to appeal this judgment *pro se*, but her appeal was later dismissed on January 10, 2023 as being untimely.[5] This dismissal reaffirmed the lower court's judgment and specifically allowed for Defendants to immediately execute a writ of execution to collect the amount awarded to them.

---

[5] This judgment amount is recorded as being at least $1,273.65.

68.     At no time did Defendants proffer any reason for terminating Plaintiff Mary Etta Jones's lease, after they had drafted, offered, and delivered the new lease, with the exception of Defendant Turner's statement on April 19, 2021, that he was not renewing the lease because of the presence of the service animal.

69.     Defendants have not questioned Plaintiffs disabilities or the disability related need for Plaintiff Jhontrell Jones' service animal.

70.     Defendants have not asserted any administrative or financial burden related to the service animal.

71.     Defendants have not asserted any direct threat from the service animal.

72.     Defendants refused to engage in any discussion about renewing the lease or any other interactive process.

## G. Timely Filed HUD and NCHRC Fair Housing Administrative Complaints

73.     On or about April 28, 2021, Plaintiff Mary Etta Jones submitted a *pro se* administrative fair housing complaint against Defendants with HUD and the NCHRC, alleging housing discrimination based on disability in violation of state and federal law. This complaint was later amended to include Plaintiff Jhontrell Jones as a complainant.

74.     On October 4, 2024, the NCHRC determined there was reasonable cause to find that Defendants had unlawfully discriminated against Plaintiffs by:

17

a. Imposing discriminatory terms and conditions in violation of N.C. Gen. Stat. § 41A-4(a)(2) and 42 U.S.C. § 3604(f)(2);

b. Refusing to grant a reasonable accommodation in violation of N.C. Gen. Stat. § 41A-4(f)(2) and 42 U.S.C. § 3604(f)(3)(B);

c. Otherwise making housing unavailable in violation of N.C. Gen. Stat. § 41A-4(a)(8) and 42 U.S.C. § 3604(f)(1); and

d. Unlawfully retaliating against Plaintiffs for their exercise of their rights under the FHA and NCFHA in violation of N.C. Gen. Stat. § 41A-4(e) and 42 U.S.C. § 3617.

75. The Defendants violated the FHA and NCFHA by denying the Jones' reasonable accommodation request to have Plaintiff Jhontrell Jones' service animal, by denying housing to Plaintiff Mary Etta Jones, by imposing different terms and conditions, and by interfering with their fair housing rights and also retaliating against them. Plaintiffs have suffered compensatory damages as a result.

**H.    Defendants' Unlawful, Discriminatory Housing Practices**

76. In refusing to grant the Plaintiffs' reasonable accommodation request to permit Plaintiff Jhontrell Jones' to have her service animal on her mother's property, Defendants denied them a reasonable accommodation in violation of the FHA and NCFHA, *see* 42 U.S.C. § 3604(f)(3)(B) and N.C. Gen. Stat. § 41A-4(f)(2).

18

77. In refusing to allow Plaintiff Mary Etta Jones to renew her lease agreement for one year, for terminating her lease, and for constructively evicting her by turning off her water, Defendants denied Plaintiff Mary Etta Jones housing in violation of the FHA and North Carolina FHA, *see* 42 U.S.C. § 3604(f)(1) and N.C. Gen. Stat. § 41A-4(a)(8).

78. In denying the reasonable accommodation requested by Plaintiffs and in seeking to terminate Mary Etta Jones' lease, turning off her water, and otherwise seeking to remove her from the Subject Property, Defendants also subjected them to different terms, conditions, or privileges relating to the rental of a dwelling because of Plaintiffs' respective disabilities and Plaintiff Mary Etta Jones' association with Plaintiff Jhontrell Jones (a person with a disability) in violation of the FHA and North Carolina FHA, *see* 42 U.S.C. § 3604(f)(2) and N.C. Gen. Stat. § 41A-4(a)(2).

79. Based on these facts alleged in this Complaint, Defendants injured Plaintiffs by committing, directly or through their agents, discriminatory housing practices including but not limited to:

    a. Denying a reasonable accommodation request of tenant and the tenant's guest with a disability without any legal justification;

    b. Depriving a person equal opportunity to use and enjoy her dwelling because of her disability and association with a person with a disability;

c. Subjecting a person to discrimination because of disability that has the effect of imposing different terms, conditions, or privileges relating to the rental of a dwelling or denying or limiting service or facilities in connection with the rental of a dwelling;

d. Threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the disability of such persons;

e. Retaliating against any person because that person has engaged in protected activity under the FHA or North Carolina FHA; and

f. Engaging in other unlawful trade and deceptive practices or acts.

80. Each defendant is directly liable for the foregoing unlawful discriminatory housing practices:

a. As a result of its own conduct;

b. For failing to take prompt action to correct and end a discriminatory or unlawful housing practice by its agent, given knowledge of the agent's unlawful and discriminatory conduct;

c. For failing to take prompt action to correct and end unlawful and discriminatory housing practices; or

d. For ratifying the unlawful or discriminatory housing practices committed by any other defendant.

20

81. Defendants W.P. Turner Rentals, Carolina Piedmont Properties, LLC-1, Carolina Piedmont Properties, LLC-2, Carolina Piedmont Properties, LLC-3, Carolina Piedmont Properties, LLC-4, and Carolina Piedmont Properties, LLC-5 are each vicariously liable for the unlawful conduct of their agent, Defendant William P. Turner.

## I. Injury

82. As a result of the unlawful conduct of each Defendant, Plaintiffs suffered emotional distress, including humiliation, embarrassment, mental anguish, violation of their civil rights, and loss of dignity. Ms. Mary Etta Jones also suffered an invasion to her private right of occupancy, depriving her of the use and enjoyment of her tenancy. She also suffered out-of-pocket damages because of the unlawful conduct and experienced a temporary loss of housing opportunity. Accordingly, Plaintiffs are entitled to compensatory damages under the federal Fair Housing Act, 42 U.S.C. § 3613(c)(1), under the North Carolina Fair Housing Act, N.C. Gen. Stat.§ 41A-7(k), and under the other state law claim raised in this Complaint. Each plaintiff is also entitled to treble damages for violations of the state law concerning unlawful unfair or deceptive acts or practices.

83. In committing the unlawful acts alleged in this complaint, each Defendant acted with reckless disregard of Plaintiffs' federally protected rights. Accordingly,

21

Plaintiffs are entitled to punitive damages, which she seeks under the federal FHA, 42 U.S.C. § 3613(c)(1), only.

84. There is an actual controversy between the parties regarding duties under the federal fair housing law and state law. Accordingly, Plaintiffs are entitled to declaratory relief under their federal and state law claims including, but not limited to, 42 U.S.C. § 3613(c)(1), 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure. Unless enjoined, each defendant will continue to engage in the discriminatory housing practices alleged in this Complaint. Plaintiffs suffered irreparable injury from the acts of discrimination by each of the defendants. Plaintiffs are suffering and will continue to suffer unless relief is provided by this Court. Further, it is likely that other disabled applicants or tenants of the defendants will suffer the same fate unless relief is provided by this Court to advance the public interest. Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief under their federal and state law claims including, but not limited to, 42 U.S.C. § 3613(c)(1) and Rule 65 of the Federal Rules of Civil Procedure.

## VI. CLAIMS

### A. FIRST CLAIM

(Violation of 42 U.S.C. §§ 3604(f)(1), (f)(2), (f)(3)(B), and 3617)

85. Plaintiffs reallege and incorporate by reference the above paragraphs.

22

86. Each Defendant injured Plaintiffs by committing, directly or through its agents, discriminatory housing practices in violation of the FHA, 42 U.S.C. §§ 3604(f)(1); 3604(f)(2); 3604 (f)(3)(B); and 3617.

## B. SECOND CLAIM

(Violation of N.C. Gen. Stat. § 41A-4)

87. Plaintiffs reallege and incorporate by reference the above paragraphs.

88. Each Defendant injured Plaintiffs by committing, directly or through its agents, discriminatory housing practices in violation of the NCFHA, N.C. Gen. Stat. §§ 41A-4(f)(2), 41A-4(a)(8), 41A-4(a)(2), 41A-4(a)(6) and 41A-4(e).

## C. THIRD CLAIM

(Violation of N.C. Gen. Stat. § 75-1.1)

89. Plaintiffs reallege and incorporate by reference the above paragraphs.

90. At all times relevant to this action, each defendant, in the ordinary course of its business as a lessor of residential rental property, engaged in acts or practices affecting commerce within the meaning of N.C. Gen. Stat. §75-1.1.

89. The actions of each defendant are unfair, unethical, deceptive, and illegal practices in violation of N.C. Gen. Stat. §75-1.1.

90. The actions of each defendant constitute an inequitable assertion of power and position against Plaintiffs and offend the established public policy of North Carolina which mandates that landlords shall not discriminate against person in the leasing of

a dwelling because of disability or handicap in violation of 42 U.S.C. § 3604(f) and landlords shall not retaliate against tenants who seek to exercise their rights under the FHA in violation of 42 U.S.C. § 3617 and the NCFHA in violation of N.C. Gen. Stat. § 41A-4(e).

91.     Each Defendant, directly and/or through an agent, committed these unfair, unethical, deceptive, and illegal practices in violation of N.C. Gen. Stat. § 75-1.1 and related protections under state common law and statutes.

92.     Each plaintiff is entitled to treble her actual damages resulting from the unfair and deceptive trade practices of each Defendant pursuant to N.C. Gen. Stat. §75-16.

## DEMAND FOR JURY TRIAL

93.     Plaintiffs Mary Etta Jones and Jhontrell Jones demand a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Mary Etta Jones and Jhontrell Jones pray for entry of a judgment against each defendant that:

1.     Awards compensatory damages under each claim alleged herein;

2.     Awards treble their actual compensatory damages under N.C. Gen. Stat. §75-1.1 and N.C. Gen. Stat. §75-16.

3.     Awards punitive damages under the federal Fair Housing Act only;

4. Declares that each Defendant has violated the federal Fair Housing Act and applicable North Carolina law;

5. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring each Defendant and its partners and agents to take affirmative steps to counteract and cure their unlawful and discriminatory practices;

6. Awards reasonable attorneys' fees and costs; and,

7. Awards any other relief deemed just by the Court.

Dated: March 16, 2026.

Respectfully submitted,

LEGAL AID OF NORTH CAROLINA, INC. ("LANC")
FAIR HOUSING PROJECT
*Attorneys for Plaintiffs*


*s/ V. Hope Williams*
V. Hope Williams
NC State Bar. No. 37232
2101 Angier Avenue, Ste 300
Durham, NC 27703
Telephone: (919) 226-5920
Fax: (919) 861-1887
Email: hopew@legalaidnc.org


*s/ George R. Hausen, Jr.*
George R. Hausen, Jr.
NC State Bar No. 25205
*LANC Pro Bono Counsel*

25

2101 Angier Avenue Ste 300
Durham, NC 27703
Telephone: (919) 215-3719
Email: willspatercm@gmail.com


*s/ Kelly A. Clarke*
Kelly A. Clarke
NC State Bar. No. 28188
*LANC Pro Bono Counsel*
P.O. Box 33032
Raleigh, NC 27636
Telephone: (919) 502-1002
Fax: (919) 882-9360
Email: kc@kellyclarkelaw.com

26